IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. VOTH,

    Plaintiff,                  No. CIV S- 04-2103 LKK GGH P

    vs.

T. ALBRIGHT, et al.,

    Defendants.        <u>ORDER</u>

/

       By the concurrently filed protective order, the conditions for production of documents to plaintiff, a state prisoner who proceeds pro se in this § 1983 action, by defendants Albright, Wetzel and Corrie,[1] submitted for in camera review by this court, are set forth. Further redactions beyond those identified in the protective order must be made in accordance with the instant order, which identifies the documents to be produced.

       Prior to production, for identification purposes (see protective order), defendants must Bates-stamp each page to be produced and then produce the following:

---

[1] The court's order, filed on October 20, 2006, was directed only to those defendants who were the subject of plaintiff's motion to compel. The court cannot address plaintiff's allegations in the "final" amended complaint, naming three additional defendants (to which all defendants have filed an answer) because newly named defendants Long, Leon and Gooler were not the subject of a discovery motion brought by plaintiff.

1

- "Internal Affairs Investigation 04-1A-01," the entire record of the investigation of the events at issue in this civil rights action;

- The case summary, dated June 13, 2003, contained in "Internal Affairs Investigation 03-IA-44," consisting of seven (7) pages (numbered on the top left hand corner of each page but the first page).[2] Defendants must redact the names and addresses of the complaining party therein and of any non-police witnesses or other civilian (that is, non-law enforcement) parties;

- The case summary, dated December 19, 2001, contained in "Internal Affairs Investigation 01-IA-50," consisting of fifteen (15) pages (numbered on the top left corner of each page but the first page).[3] Defendants must redact the names and addresses of the complaining party therein and of any non-police witnesses or other civilian parties;

- The separately submitted February 15, 2002, memorandum directed to Deputy Tim Albright and the two pages of the Work History for Deputy Albright,[4] entitled "Work/Complaint History / Internal Affairs Investigation / #01-IA-50."

If there is any duplication among the documents ordered produced, defendants may omit duplicates. Defendants must retrieve, within 20 days, the documents produced to chambers and make immediate arrangements to produce the documents designated herein to plaintiff. Defendants must show proof to the court of having produced the documents to plaintiff, subject to the provisions of the separately filed protective order as well as to the redactions ordered herein, within 45 days of the filed date of this order.

IT IS SO ORDERED.

DATED:  3/27/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/voth2103.dsc

---

[2] The court has tabbed these pages to be produced.

[3] The court has also tabbed the pages from this internal investigation report that are to be produced.

[4] Tabbed by the court.