1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN D. VOTH,

11            Plaintiff,              No. CIV S- 04-2103 LKK GGH P

12       vs.

13   T. ALBRIGHT, et al.,

14            Defendants.            DISCOVERY PROTECTIVE ORDER
     _____/

15

16            Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.  Defendants filed a motion for a protective order, on October 24, 2006, which plaintiff has

18   not opposed.  The motion is granted.  By concurrently filed order, the court has identified,

19   subsequent to an in camera review, the documents to be produced to plaintiff subject to this

20   protective order as well as additional redactions therein.

21            Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that

22   discovery in this action involves the disclosure of confidential information, it is hereby

23   ordered that the following Protective Order be entered to give effect to the terms and conditions

24   set forth below:

25            1.  "Designating Party" means any one of the Parties producing Documents or

26   information under this Protective Order.

2.  "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

3.  "Protected Information" includes the following categories of information, and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information.

A.  "CONFIDENTIAL" designates information that a Designating Party reasonably believes to be confidential due to privacy, privileges, safety or security reasons and that is not readily available to the public.  In addition, the "Confidential" designation contains information the disclosure of which is likely to result in imminent or substantial endangerment to a private individual or County of Sacramento employee.

B.  Information that should be redacted with respect to law enforcement officers and officers of the court, includes: (i) home addresses; (ii) home or personal telephone numbers; (iii) social security numbers; and (iv) dates and places of birth.

C.  Information that is designated as "CONFIDENTIAL," may fall into one or more of the following categories:

i. County policies, operational procedures, rules, or regulations that are designated confidential;

ii. personnel documents;

iii. post orders;

iv. investigation documents; and

v. complaint history of any defendant.

4.  This Protective Order shall apply to all Protected Information exchanged by any Party, including, without limitation, documents, things, other discovery materials,

1  depositions, testimony, or other papers produced, filed, generated, or served by a party in this
2  litigation.

3          5.   All Protected Information produced and designated as confidential hereunder
4  shall have stamped or affixed on each page that contains Protected Information
5  "CONFIDENTIAL," and "DO NOT DUPLICATE" at the time such materials, or copies
6  thereof, are delivered to the receiving party, or within ten (10) calendar days thereafter in the
7  event such labeling or marking is inadvertently omitted.  Until ten (10) calendar days have
8  elapsed after receipt, the receiving party will treat Documents and things that have been received
9  and that have not been designated "CONFIDENTIAL," "DO NOT DUPLICATE," as if they had
10  been designated as such at the time produced.  The parties will use due care to designate as
11  Protected Information only Documents or other materials that truly encompass such information.

12          6.   Protected Information may be disclosed only to the following:

13          A.   The receiving party, in this case, plaintiff, a state prisoner proceeding pro se,
14  **who is explicitly directed not to disclose the protected information to any person not**
15  **employed by the California Department of Corrections and Rehabilitation (CDCR); this**
16  **disclosure restriction includes, but is not limited to, a prohibition against disclosure to any**
17  **other inmate, any family member, friend or associate.  To violate this restriction will**
18  **subject plaintiff to sanctions, including the ultimate sanction of dismissal of this action.**

19          B.   An officer before whom a deposition is taken, including stenographic
20  reporters and any necessary secretarial, clerical, or other lay personnel of such officer; and

21          C.   Any other person to whom the parties agree in writing or as allowed by
22  the Court.

23          7.   No Protected Information shall be provided to any party or attorney of that
24  party until that party or attorney has been provided with a copy of this Protective Order, reviewed
25  it, and signed the Certification "Attachment A" to the Protective Order.

26  \\\\\

8.  No Protected Information shall be provided to any person covered by subparts B and C of Paragraph 6 above until ten (10) calendar days after the following have been provided to the opposing party: (a) a written identification of the person, and (b) a signed Certification from the person in the form of "Attachment A" of this Protective Order.  If, within five (5) calendar days of receipt of written identification and Certification, a party objects in writing to such expert, consultant, or other person, having access to any Protected Information, the expert, consultant or other person shall be barred from such access until the parties are able to reach an agreement to resolve the issue or upon further order of the Court.

9.  Designations of Discovery

A.  Depositions may be designated as Protected Information in accordance with this Order: (a) in the course of the deposition, orally on the record; or (b) by notifying the other party in writing, within ten (10) calendar days of receipt of the transcript by both parties, of the pages and lines of the transcript that contain the Protected Information.

B.  Answers to interrogatories and requests for admission may also be designated confidential by marking the Documents in a manner described in Paragraph 6 of this Order.

C.  Notwithstanding Paragraph 6 above, other persons may be shown a specific item of "Protected Information" of the producing party if such persons are identified in that specific item, or on any attachment thereto, as being the author, or as having previously received a copy of an exact duplicate of said specific item.

10.  Compliance With Eastern District Local Rule 39-141

A.  All deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated by a party as comprising or containing Protected Information, or any pleading, brief, or memorandum purporting to reproduce or paraphrase such material, shall be lodged with the Court for filing in accordance with Local Rule 39-141.

B.  The confidential portions of Documents and things that are accepted for filing under seal by the Court shall be treated in accordance with Local Rule 39-141.

11.  If the receiving party disagrees with the confidential or redacted status of any Document or other material, the receiving party will notify and confer with the producing party to request reclassification of the Document or material.  If no agreement has been reached within ten (10) calendar days of such notification or a later date if agreed to in writing by the parties, the receiving party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such Document or other material from the restrictions of this Order.  If such a request is made, the party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Order apply to such Protected Information.

12.  Privileged Information

A.  Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that otherwise privileged Documents must be produced due to waiver or for any other reason.

B.  In the event any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, it shall, upon discovery of the inadvertent disclosure, promptly notify the opposing party thereof.  Immediately upon receiving such notice, counsel for the party who received the allegedly inadvertently-disclosed privileged information shall sequester all identified information (including any and all copies) in its offices until the matter has been resolved either by agreement of the parties or by an order of this Court.  With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement as to the return and/or use of such Documents within ten (10) calendar days of such notice, the producing party may, within ten

5

1   (10) calendar days thereafter, petition the Court on an expedited basis to resolve the matter.  If

2   the party alleging an inadvertent disclosure makes an adequate showing, reasonable under the

3   circumstances, of both inadvertence and privilege, the Court shall order all such information

4   returned to the party who inadvertently produced them.  The period of time that elapses while a

5   party follows the procedures set forth in this Paragraph 13 for resolving any inadvertent

6   disclosure dispute shall not be considered as a factor in deciding whether a party's delay in

7   attending to the inadvertent disclosure was unreasonable under the circumstances.

8           13.  If Protected Information produced in accordance with this Order is disclosed

9   to any person other than in the manner authorized by this Order, the party responsible for the

10  disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention

11  of all counsel of record and, without prejudice to other rights and remedies available to the

12  producing party, make every effort to obtain the return of the disclosed Protected Information

13  and prevent further disclosure of it by the person who was the recipient of such information.

14          14.  Unless otherwise agreed or ordered by the Court, within ninety (90) calendar

15  days after the termination of this Action, including any and all appeals therefrom, attorneys for

16  the receiving party **shall return** all Protected Information marked "Confidential" "Do Not

17  Duplicate" received from the producing party, to the producing party.  Prompt written notice

18  shall be given to a party who produced Protected Information hereunder if that party's Protected

19  Information is sought by any person not a party to this litigation, by subpoena in another action,

20  or by service with any legal process.  Any person seeking such Protected Information who takes

21  action to enforce such subpoena or other legal process shall be apprised of this Order.

22          15.  This Order may be changed only by the written agreement of the parties or

23  further order of the Court, and is without prejudice to the rights of a party to seek relief from or

24  variation of any of its provisions.

25          16.  Subject to Paragraphs 13 and 14 above, the remaining provisions of this

26  Order, including the obligations to maintain confidentiality embodied herein, shall survive the

final disposition of this litigation and continue in full force and effect.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

17.  Notwithstanding production of any material in conformance with the procedures outlined above, **defendants may, in lieu of production of copies via United States Mail to plaintiff pro se, make arrangements directly with the facility where plaintiff is housed for in person review of any documents ordered produced by the court of any of the defendants' personnel or disciplinary records.  Plaintiff shall have a reasonable amount of time to review the documents, and take notes therefrom, for a period of time not to exceed eight (8) hours, and defendants shall make any documents plaintiff may need at the time of trial or at any other court proceeding in this matter available upon written request by plaintiff to counsel for defendants.  Any such request by plaintiff shall reference the specific document request to be produced at hearing or trial by Bates number.**

18.  **Plaintiff is again cautioned not to disclose any information in any manner, orally or in writing, from his access to and/or review of the protected information, including from any notes he may take, to any person not employed by the CDCR; this disclosure restriction includes, but is not limited to, a prohibition against disclosure to any other inmate, any family member, friend or associate.  Should it come to the attention of this court that plaintiff has failed in any manner to comply with this requirement, the court will not hesitate to impose sanctions, up to and including the sanction of dismissal.**

IT IS SO ORDERED.

DATED: 3/27/07                                  /s/ Gregory G. Hollows

                                                _____
                                                GREGORY G. HOLLOWS
                                                UNITED STATES MAGISTRATE JUDGE

GGH:009
voth2103.pro

1
2
3 <u>ATTACHMENT A</u>
4
5 I, _____, do solemnly swear that I am fully

6 familiar with the terms of the Protective Order entered in <u>John D. Voth v. T. Albright, et al</u>,

7 United States District Court for the Eastern District of California, Civ-S- 04-2103

8 LKK GGH P, and hereby agree to comply with and be bound by the terms and conditions of said

9 <u>Order</u>, unless and until modified by further order of this Court. I hereby consent to the

10 jurisdiction of said Court for purposes of enforcing this <u>Order</u>.

11 Dated:_____

12 _____

13
14
15
16
17
18
19
20
21
22
23
24
25
26