IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. VOTH,

     Plaintiff,                       No. CIV S-04-2103 LKK GGH P

    vs.

T. ALBRIGHT, et al.,

     Defendants.                ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: 1) plaintiff's motion to compel answers to requests for admission and to interrogatories, filed on June 22, 2007, to which defendants filed their opposition on July 9, 2007; 2) plaintiff's motion to compel production in response to requests for production of documents, filed on June 27, 2007, to which defendants filed their opposition on July 11, 2007, after which plaintiff filed a reply on July 23, 2007.

"Final" Amended Complaint

        This action was originally filed on October 6, 2004. Defendant Corrie was dismissed as was a claim of excessive force regarding a K-9 police dog, but plaintiff was granted leave to amend, by Order, filed on February 11, 2005, and he filed a first amended complaint, on

1

March 9, 2005, and the matter then proceeded against three Sacramento County Sheriff's Deputies: Timothy Albright, Timothy Wetzel and David Corrie on plaintiff's claims of violations of his Fourth Amendment[1] constitutional rights due to the alleged excessive force used by Sacramento County Sheriff's Deputies Albright, Wetzel and Corrie in a vehicle pursuit and arrest on October 3, 2003. Defendants answered the first amended complaint on May 17, 2005. Upon plaintiff's filing of a motion to amend the first amended complaint based on information gathered during discovery regarding the identification of additional sheriff's deputies allegedly involved in the incident at issue, to which defendants filed opposition, plaintiff was allowed to amend his pleadings and was directed to file a final amended complaint because it was unclear in his proposed second amended complaint whether he intended to drop one defendant while adding others. See Order, filed on October 20, 2006. Plaintiff filed his final amended complaint, on Nov. 7, 2006, which defendants answered on Nov. 9, 2006.

In the final amended complaint (FnAC), plaintiff alleges that, on October 3, 2003, at around 12:30 a.m., on his way to a friend's residence to provide the friend a ride to his vehicle, plaintiff stopped his Chevrolet Blazer at the corner of Darwin Street and Kathryn Way in the City of Sacramento, then proceeded past the intersection to make a left turn on El Camino Avenue. FnAC, pp. 7-8. At that point, plaintiff saw the emergency lights on a white police vehicle activate and alleges that, in an attempt to evade police because he had allowed his vehicle registration to expire and was certain his car would be impounded, he sped up and evaded police for about ten minutes until "the 'PIT' maneuver was performed by the pursuit vehicle," forcing plaintiff to a stop on a residential lawn. Id. at 8. Plaintiff, still trying to escape, attempted to move his vehicle forward onto the street to drive away, at which point another police car rammed

---

[1] Because plaintiff's allegations arise in the context of an arrest, and not while he was an incarcerated prisoner, it is his rights under the Fourth (not Eighth) Amendment that are implicated. Graham v. Connor, 490 U.S. 386, 388, 394,109 S. Ct. 1865, 1867-1868, 1871 (1989), citing Tennessee v. Garner, 471 U.S. 1, 7-22, 105 S. Ct. 1694, 1699-1707 "(claim of excessive force to effect arrest analyzed under a Fourth Amendment standard)."

the passenger side door, stopping him. Id.

Plaintiff then exited the Blazer "and took off"; after plaintiff was running, taking several steps away from the vehicle, a K-9 police dog grabbed plaintiff by his upper right thigh, the force of which caused plaintiff to go face first onto the paved street. Id. Plaintiff writhed in pain while the police dog continued to bite and tug at his upper thigh. Id. About thirty seconds later, plaintiff was surrounded by "a swarm of deputies." Id. Defendant Sacramento County Deputy Sheriff Timothy Wetzel arrived first, according to plaintiff, jamming his knee into plaintiff's back, grabbing plaintiff's left arm and twisting it up and around behind plaintiff's back, and striking plaintiff on the back of his head with a metal flashlight, approximately eighteen inches long. Id. Plaintiff made eye contact with defendant Wetzel; plaintiff screamed out in pain because the blows were so excruciating. Id. at 8-9.

"Almost simultaneously," four other sheriff's deputies surrounded plaintiff, and shortly thereafter blood began to flow down plaintiff's back and face. Id. at 9. Defendant Wetzel grabbed plaintiff's right arm, pulling it around and back and fastening handcuffs so tightly that plaintiff screamed loudly for this defendant to stop. Id. The police dog continued to bite and rip at plaintiff's upper thigh after the handcuffs were secured. Id. As the five defendant deputies began kicking and punching plaintiff on his torso and back, plaintiff observed defendant Sacramento County Deputy Sheriff Timothy Albright kneeling to the right of the K-9 police dog, named Stazzo, holding Stazzo's mid-section with both arms, pulling back and forth, tearing at plaintiff's thigh, coaxing the dog to continue its assault, saying: "Good Boy, Good Boy!!" Id. Plaintiff made eye contact with defendant Albright, begging him to order the dog to stop biting him to no avail; instead defendant Albright responded by smiling as he continued to excite and incite the dog. Id. Although plaintiff was not resisting, another officer, whom plaintiff believes to have been defendant Wetzel, was twisting plaintiff's arms up as plaintiff lay face down, still in Stazzo's grasp. Id. Only after one of the officers yelled "Blood! Blood!" did defendant Albright order the dog to "release" plaintiff. Id.

Plaintiff was unsure of who did what but he could feel and hear the defendants, especially the "foul, angry, venomous" epithets shouted about plaintiff by defendant Deputy Gooler, whom he believes is one of those who inflicted kicks and punches upon him as plaintiff lay face-down handcuffed. FnAC, pp. 9-10, 12. Defendant Deputy Corrie "stepped up to the plaintiff's head and did a football style drop-kick." Id. at 10. Plaintiff was able to make eye contact with this defendant as well. Id. Because defendant Deputy Long was riding as a partner in the same vehicle as defendant Corrie, plaintiff assumes defendant Long was involved in the "attack" upon him as well, and believes Long to have kicked and punched him as well during the incident. Id. at 10, 12-13. Plaintiff began drifting in and out of consciousness after the kick to the head. Id. Plaintiff has also named Deputy Leon as a defendant because his name figures in many of the reports plaintiff has "discovered," and plaintiff avers that defendant Leon was present and was a witness and/or participant in the arrest incident from which plaintiff's excessive force allegations arise. Id. Plaintiff alleges that defendants Gooler and Long actively participated in the attack upon him, and that defendant Leon may well have as well. Id. at 11-13.

Plaintiff seeks to proceed on a Fourth Amendment claim that his right to be free of excessive, unjustified force during his arrest was violated by defendants. Id. at 10. Plaintiff states that he believes the actions of the defendants were retaliatory, which he conjectures accounts for the alleged viciousness of the attack. Id. at 10-11. He states that what motivated the violence was that the defendants erroneously believed that plaintiff was someone who had escaped them earlier, although plaintiff goes on to say that he was convicted of crimes which he did not commit, which conviction is on appeal. Id. at 11. He claims that a charge against him of assaulting the K-9, Stazzo, was dropped so that the prosecution would not have to allow at trial the gory photos of injuries inflicted upon plaintiff while he was helpless. Id. The court notes, of course, that the circumstances of plaintiff's criminal trial, conviction and appeal, of course, are irrelevant to this civil rights action.

\\\\\

1   Plaintiff was able to obtain color photographs that the Sacramento County
2   Sheriff's Dept. took of him while he was unconscious and bleeding on the ground. Id.  Plaintiff
3   alleges that there were additional Sacramento County Sheriff's Dept. close-up photos taken of
4   plaintiff's "gaping wounds" at the U.C. Davis Medical Center, which defendant Leon, who
5   escorted plaintiff to the medical center witnessed. Id.  Plaintiff seeks unspecified money
6   damages only, including punitive damages.[2] Id. at 14.

Motions to Compel

### First Motion

Plaintiff avers that he served set one of his requests for admission and sets one, two and three of his interrogatories upon the (newly named) defendants, Deputies Jeffrey Long, David Leon and Todd Gooler, on April 19, 2007. Motion to Compel (MTC), p. 1. Plaintiff moves to compel responses to requests for admission Nos. 55, 56, and 57 from the defendants just named and seeks interrogatory responses to set two from these individuals and responses, as to set three of plaintiff's interrogatories, from defendant Leon only. MTC, pp. 2-3, Exhibit (Exh. A).

Requests for Admission (RFA) Nos. 55, 56, and 57, to which defendants initially interposed objections on privacy grounds, ask defendants Leon, Gooler, and Long, respectively each to admit having had previous complaints of excessive filed against themselves within the last five years. Opposition (Opp.), pp.16-17. Defendants have informed the court that they have subsequently provided supplemental responses, denying plaintiff's RFA Nos. 56 and 57 because neither defendant Long or Gooler have any such complaints filed against them for the five-year period for which the Sheriff's Dept. keeps such records. Opp., p. 1. Plaintiff's motion as to these requests, 56 & 57, will be denied as moot. Defendant's concede that a citizen complaint was filed against defendant Leon in 2002, alleging excessive force, but assert that an

---

[2] Plaintiff expressly waives any claim to injunctive relief. FnAC, p. 4.

investigation determined the complaint to have been "unfounded,"; such a determination, according to defendants, "clearly established that the allegation was not true." Id., citing Cal. Penal Code 832.5(d)(2). Defendants, nevertheless, state their willingness to submit the documents relating to the allegation to the court for in camera review and subject to the existing protective order in this matter. The court, therefore, will grant plaintiff's motion, therefore, as to plaintiff's RFA No. 55, to the extent that the documents will be ordered to be submitted for the court's in camera review.

As to his interrogatories, plaintiff acknowledges that he exceeded the 25-interrogatory limit, in his set two and set three interrogatories, as to defendants Gooler, Leon and Long, a limitation of which he states that he was aware, pursuant to Fed. R. Civ. P. 33, but believed was somehow to be permissibly exceeded simply by his serving the defendants as well as the court with the interrogatories. MTC, p. 3. Plaintiff states that the discovery requests were returned by the court, and admits that he failed to move for leave to serve the additional interrogatories. Id. Plaintiff maintains that he will be severely prejudiced by not being able to obtain the additional responses, and adds that although defendants served their responses timely, he believes that the responses were not actually responded to timely because they were accompanied by notices that verifications were to follow. Id. at 3-4. Plaintiff includes as Exh. E, what appears to defendants' responses to Interrogatories 22-25, with the notices attached. Subsequently, plaintiff filed, on June 20, 2007, the verifications that were sent to him from defendants with a letter dated June 15, 2007.

Plaintiff includes as Exh. B to his initial motion to compel, defendant Leon's objections to all the interrogatories in sets two and three as exceeding the 25-question limit of Fed. R. Civ. P. 33, without leave of court. Exh. B to the MTC also contains the same basis for objections to plaintiff's set two interrogatories to defendants Long and Gooler. This portion of the motion will be denied because plaintiff failed to provide the interrogatories that are at issue, nor to even characterize them. Other than simply conclusorily claiming their significance,

6

plaintiff does not thereby permit the court to evaluate their relevance or meritoriousness. Nor can the court locate any documents in the case docket which plaintiff alleges he filed in the court at some point but without seeking leave to exceed the interrogatory limit.

Second Motion

Plaintiff seeks a further response/production to requests for production of documents upon defendants Leon, Gooler and Long, including as Exh. A, to his second motion to compel (MTC2), his requests and defendants' responses. As to many of the requests, defendants state that they have previously produced the documentation referenced, i.e., all documentation pertaining to plaintiff's October 3, 2003, arrest. MTC2, Exh. A. In addition to discovery responses/production defendants have provided to plaintiff, defendants also reference the previous production that was ordered subject to a protective order after in camera review with regard to documents sought as to defendants Albright, Wetzel and Corrie.

Plaintiff protests that he does not have the documentation related to the three newly named defendants, Leon, Gooler and Long. Plaintiff takes issue with defendants' response to Requests for Production, Nos. 10 through 13, 17, and 20 through 23. Plaintiff takes particular issue with defendants response to Document Request No. 10, wherein plaintiff asks for

> any photos taken of plaintiff's injuries when he was taken to and while he was at the Medical Center for treatment. These photos were taken by Sacramento County Sheriff Department employees or their agents in the presence of Deputy Leon while plaintiff was in his custody after his arrest and before the plaintiff was transported to the county jail. These photos were not produced during the last discovery even though they were asked for. Now, the photos are requested because Deputy Leon was present when they were taken. These photos were taken by the Sacramento County Sheriff Department or their agents and are some of the most relevant and important aspects of discovery as it relates to this complaint.

Response to Request No. 10

> Copies of all photographs taken of plaintiff by the Sacramento County Sheriff's Department were produced to plaintiff on November 21, 2005 in response to a previous request.

MTC2, Exh. A.

7

Defendants' response to this inquiry indicates that they have no further photographs in their custody, possession or control responsive to the request, and the court cannot compel further production on that basis.

Request No. 11
Produce any and all grievances, complaints or other documents received mentioning the defendants or their agents at the Sacramento County Sheriff['s] Department concerning mistreatment of persons arrested by the defendants Leon, Gooler, and Long.  This relates to any memoranda, investigative files, or other documents created in response to such documents, since they became employees of the Sacramento County Sheriff['s] Department.

Response
Defendants object to this request as it relates to privileged and private documentation protected by California Penal Code Section 832.7, California Government Code § 6254, and Federal and State Constitutional privacy rights.

Request No. 12
Produce any and all grievances, complaints or other documents mentioning the defendants or their agents of other law enforcement agencies they may have worked for prior to their current employment.  This includes any memoranda, investigative files, contained within their personnel files or records.

Response
Defendants object to this request as it relates to privileged and private documentation protected by California Penal Code Section 832.7, California Government Code § 6254, and Federal and State Constitutional privacy rights.

Request No. 13 Produce any reprimands given to any of these defendants in relation to any complaint or disciplinary actions that had at issue an excessive use of force before, during or after an arrest, in any capacity of their employment as law enforcement officers.

Response
Defendants object to this request as it relates to privileged and private documentation protected by California Penal Code Section 832.7, California Government Code § 6254, and Federal and State Constitutional privacy rights.

As to all of these requests, defendants, in opposition, state that they have provided supplemental responses indicating, as they did in opposition to the preceding motion to compel, that the

1  Sacramento County Sheriff's Dept. has no complaints of excessive force on record within the
2  period of time for which such records are maintained (five years) as to defendants Long and
3  Gooler and that as to defendant Leon, there is only a 2002 citizen complaint alleging excessive
4  force which was determined to be "unfounded." Opp., p. 1. The court has already stated that all
5  records regarding this 2002 complaint will be submitted to this court for in camera review. In
6  their opposition, defendants conclude: "Other than the record on this 2002 complaint against
7  Deputy Leon, no other documents exist responsive to any of plaintiff's requests, which have not
8  already been produced." Opp., p. 2. The court cannot order further production where no
9  additional responsive documents exist; however, it is not entirely clear to the court that
10 defendants are referencing the personnel files of each of these defendants (see below).

11            As to Request No. 17, concerning the Internal Affairs investigation of the incident
12 at issue, as well as any record of investigations involving the defendants and any other incident
13 relating to use of excessive force, defendants state explicitly that the documents have already
14 been produced pursuant to the court's protective order. The court has previously reviewed all the
15 documents submitted with respect to the Internal Affairs investigation of the incident at issue, as
16 well as of any Internal Affairs investigations, if any, of any other incident relating to allegations
17 of excessive force with respect to defendants Albright, Wetzel and Corrie. It is not entirely
18 evident to the court that the court would have reviewed any other Internal Affairs investigation of
19 any claim of excessive force by the newly named defendants, Deputies Long, Gooler and Leon.
20 See below. As to Request No. 20, plaintiff seeks any information defendants "believe to be
21 protected, privileged, confidential or official," relating to plaintiff's arrest for this court's in
22 camera review to determine relevance. Defendants' response is that there are no additional
23 documents other than those which have already been produced under the protective order of the
24 court. The court cannot compel defendants to produce further documents that do not exist.

25            Defendants respond to plaintiff's request (No. 21) for in camera review by the
26 court of any complaints or grievances alleging excessive use of force by any of the "included

1  defendants," with an apparent non sequitur ("N/A"), somehow indicating that the request is not
2  applicable, which the court does not accept.  See below.   Defendants seek to invoke privilege
3  and privacy again in objection to Request Nos. 22 and 23, with regard to plaintiff's requests for
4  documentation regarding administrative determinations of allegations of excessive force by
5  defendants Gooler, Long and Leon, defendants' opposition, but their referenced supplemental
6  response seems to make clear that defendants have no further documents to produce other than
7  the 2002 complaint regarding defendant Leon.   But see below.

8           The court will not engage again in the discussion in its prior Order, filed on
9  October 20, 2006, regarding the balancing test that the court must engage in, as regards material
10 claimed to be privileged, to "weigh the potential benefits of the disclosure against the potential
11 disadvantages."  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990); see also
12 Martinez v. City of Stockton, 132 F.R.D. 677 (E.D.Cal. 1990).  It may be that defendants Gooler,
13 Long and Leon have no record of excessive force complaints or grievances (other than that noted
14 as identified by defendants above); however, plaintiff is correct that the October 20, 2006, Order,
15 spoke only to plaintiff's discovery requests regarding the previously named defendants: Albright,
16 Wetzel and Corrie.  Since it was in that Order that plaintiff was granted leave to file a final
17 amended complaint, naming the new defendants, it does not appear that defendants would have
18 produced for in camera review all records of excessive force grievances or complaints with
19 respect to individuals not yet named as defendants.  On the other hand, the court accepts that
20 defendants have certainly produced to the undersigned all relevant documents, to the extent that
21 they exist, with regard to defendants Albright, Wetzel and Corrie, and all documents related to
22 the arrest at issue and the Internal Affairs investigation arising from the incident (which would
23 have included references to the newly named defendants).  There will be no further production
24 required as to any documents related to the previously named defendants or to the arrest
25 generally or to the Internal Affairs investigation and report involving the incident that gives rise
26 to this cause of action.

**However, the court will require the newly named defendants, Gooler, Long and Leon to produce, to the extent that any such documents exist, within thirty days, to the undersigned any and all records of any complaint or grievance alleging excessive force by any of these defendants, Long, Gooler, and Leon, maintained in the personnel records or files of each of them. This, of course, includes, but is not limited to, the 2002 citizen complaint alleging excessive force by defendant Leon and the subsequent investigation of that complaint. Personal data, such as the defendants' social security numbers and home addresses, should be redacted from any documents prior to submission to the court for its in camera review.**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel answers to Requests for Admissions and Interrogatories from defendants Long, Gooler, and Leon, filed on June 22, 2007 (#77) is granted as modified and set forth above as to RFA No. 55; denied as moot as to plaintiff's Requests for Admission Nos. 56 and 57; and denied as to plaintiff's Interrogatories set two and three propounded upon the newly named defendants.

2. Plaintiff's motion to compel further discovery responses/production with respect to defendants Long, Gooler, and Leon, filed on June 27, 2007(#79), is granted to the extent that the court herein requires the newly named defendants, Gooler, Leon and Long, to produce to this court for an in camera review, within thirty days, redacting their personal data, any and all records of any complaint or grievance alleging excessive force by any of them maintained in the personnel records or files of each of them, including but not limited to, the 2002 citizen complaint alleging excessive force by defendant Leon and the subsequent investigation of that complaint; the motion is denied as to any other requests.

DATED: 03/06/08                                    /s/ Gregory G. Hollows

                                                   UNITED STATES MAGISTRATE JUDGE

GGH:009/voth2103.mtc