1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN D. VOTH,

11            Plaintiff,                    No. CIV S-04-2103 LKK GGH P

12        vs.

13
     T. ALBRIGHT, et al.,
14
              Defendants.                   ORDER
15   _____/

16        By Order, filed on July 22, 2009 (docket # 109), this court supplemented the

17   Pretrial Order, filed on June 26, 2009, by granting defendants' belated request to be permitted to

18   add defendant Jeffrey Long, a party to this action, to their witness list, an apparent inadvertent

19   omission from defendants' pretrial statement.  In doing so, the court made clear that defendants

20   and/or the plaintiff would thus be allowed to call defendant Long as a trial witness.  In the same

21   supplemental order, the court also noted that there was no record of plaintiff having filed any

22   objections to the Pretrial Order and that the time for doing so has expired.   However, although

23   plaintiff's objections had not been entered in the court's electronic docket at the time the Order at

24   docket # 109, was prepared, the docket now indicates that plaintiff's objections, although not

25   entered in the docket until July 21, 2009, were deemed filed on July 20, 2009 (docket # 108).  In

26   itself, that would render the objections nevertheless untimely, but plaintiff is entitled to the

1  application of the prison mailbox rule.[1]  Plaintiff's proof of service indicates timely filing of his

2  objections, because, under penalty of perjury, he declares they were placed in the U.S. mail at

3  Soledad on July 9, 2009.

4          With the exception of noting, and seeking a remedy for, the omission of defendant

5  Long from the defense witness list, a matter that has been resolved, the substance of plaintiff's

6  objections are largely without merit.  Plaintiff acknowledges that he failed to identify a disputed

7  evidentiary issue in his pretrial statement and also that discovery is closed, but now seeks to

8  impose on the court an obligation to conduct discovery on his behalf.  Specifically, plaintiff

9  states that his request for Sacramento County Sheriff's Dept. photographs taken "at scene,"

10 which he contends exist, has not resulted in production of any such photos, which "are graphic

11 and would be the foundation of plaintiff's claims" and that the court is somehow under a present

12 obligation to order their production, assuming their existence.  Plaintiff's Objections (Objs.), p.

13 2.  A review of an Order, filed on March 7, 2008 (docket # 87), indicates that this court has

14 previously addressed plaintiff's request for photographs, among many other issues, in

15 adjudicating plaintiff's motions to compel (defendants had responded that they did not have in

16 their possession any photographs requested).  The time to raise any related issue has long since

17 passed.  This objection is overruled.[2]

18          Plaintiff's objection to not being permitted attorney's fees, even though he is not

19

20     [1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se
   prisoner filing is dated from the date prisoner delivers it to prison authorities).  Stillman v.
21 Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who
   delivers habeas petition to prison officials for the court within limitations period); Douglas v.
22 Noelle, ___ F.3d ___ , 2009 WL 1564235 *7 (9th Cir. June 5, 2009)(holding that "the Houston
   mailbox rule applies to § 1983 complaints filed by pro se prisoners").

23

24     [2] It appeared to the undersigned at the time that the named defendants would not have
   constructive control over the evidence photographs at issue taken for the Sheriff's (job related)
25 purposes; the court thus upheld defendant's assertions.  Should, however, defendants surprisingly
   come into possession of such photographs for trial purposes, which have not previously been
26 given to plaintiff, the court's previous ruling will be reviewed, and sanctions may well be
   imposed on defendants.

1   represented by counsel, is a frivolous one and is overruled.  Plaintiff also objects to any exhibits

2   of defendants that relate to his convictions, specifically the one relating to "the night of this

3   incident."  Objs., p. 3.  The basis for his objection is that his conviction is "still under appeal."

4   Id.  He states that his case is pending review in the district court, which signifies that he has filed

5   a habeas petition.  It is clear that his conviction in the underlying matter has long been final, as

6   the time for any direct appeal would necessarily have elapsed some time ago.  This objection is

7   overruled.  Plaintiff seeks leave to amend his pretrial statement to include his intention to file

8   motions in limine relating to disputed evidentiary issues.  The Pretrial Order does not preclude in

9   limine motions filed by plaintiff, therefore, this objection is overruled as unnecessary.

10              Accordingly, IT IS ORDERED that:

11              1.  Plaintiff's objections to the Pretrial Order, filed on July 20, 2009 (docket #

12   108), are now deemed timely filed pursuant the prison mailbox rule, and the portion of the Order,

13   filed on July 22, 2009 (docket # 109), indicating otherwise, but only that portion, is vacated;

14              2.  Plaintiff's objections to the Pretrial Order, are overruled either as meritless,

15   previously addressed, or otherwise unneccesary, and

16              3.  Both the Order, filed on July 22, 2009 (docket # 109), as modified by this

17   Order, and the instant Order serve as the final supplements to the Pretrial Order.

18   DATED: July 23, 2009

19                                           /s/ Gregory G. Hollows

20                                           _____
                                             GREGORY G. HOLLOWS
                                             UNITED STATES MAGISTRATE JUDGE

21

22   GGH:009
     voth2103.sup2

23

24

25

26